# UNITED STATES DISTRICT FOR THE DISTRICT OF COLUMBIA

UPMC BRADDOCK                                      )
400 Holland Avenue                                 )
Braddock, PA  15104-1599                           )
                                                   )
UPMC McKEESPORT                                    )
1500 Fifth Avenue                                  )
McKeesport, PA  15132-2482                         )
                                                   )
UPMC SOUTHSIDE                                     )
2000 Mary St.                                      )
Pittsburg, PA  15203                               )
                                                   )
       Plaintiffs,          )          Case No._____
                                                   )
   v.                                          )
                                                   )
HILDA L. SOLIS, Secretary                          )
United States Department of Labor                  )
200 Constitution Avenue, NW                        )
Washington, DC  20210                              )
                                                   )
UNITED STATES DEPARTMENT OF LABOR                  )
200 Constitution Avenue, NW                        )
Washington, DC  20210                              )
                                                   )
MARY ANNSEDLACEK, District Director                )
United States Department of Labor–ESA–OFCCP        )
Federal Building                                   )
1000 Liberty Avenue, Room 2103                     )
Pittsburg, PA  15222                               )
                                                   )
OFFICE OF FEDERAL CONTRACT                         )
 COMPLIANCE PROGRAMS                              )
Federal Building                                   )
1000 Liberty Avenue, Room 2103                     )
Pittsburg, PA  15222                               )
                                                   )
       Defendants.          )

**COMPLAINT**

1.      This is an action to review a Final Decision and Order issued by the Department of Labor's Administrative Review Board (hereinafter "Board"). This action is filed pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.

**JURISDICTION**

2.      This action arises under Executive Order 11246; Section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793 ("Rehabilitation Act"); and Section 402 of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 ("VEVRAA"), as well as the implementing regulations of 41 C.F.R. Chapter 60.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**VENUE**

3.      Venue is proper in this Court pursuant to 5 U.S.C. §703 and 28 U.S.C. § 1391(e), as defendants may be found in the geographical area included within the United States District Court for the District of Columbia.

**PARTIES**

4.      UPMC Braddock is a Pennsylvania non-stock, non-profit corporation that provides medical services to the general public as a hospital in Pennsylvania.

5.      UPMC McKeesport is a Pennsylvania non-stock, non-profit corporation that provides medical services to the general public as a hospital in Pennsylvania.

6.      UPMC Southside is a Pennsylvania non-stock, non-profit corporation that provides medical services to the general public as a hospital in Pennsylvania.

7.      Defendant, Hilda L. Solis, Secretary of the United States Department of Labor, is a proper defendant to this action pursuant to 5 U.S.C. § 703.

8.     Defendant, the United States Department of Labor, is a proper defendant to this action pursuant to 5 U.S.C. § 703.

9.     Defendant, Mary Ann Sedlacek, District Director of the United States Department of Labor's Office of Federal Contract Compliance Programs, is a proper defendant to this action pursuant to 5 U.S.C. § 703.

10.     Defendant, the Office of Federal Contract Compliance Programs ("OFCCP"), is a proper defendant to this action pursuant to 5 U.S.C. § 703.

## PROCEDURAL HISTORY

11.     On November 3, 2006, OFCCP filed administrative complaints against UPMC Braddock, UPMC McKeesport and UPMC Southside (collectively "the hospitals"). The complaints allege that the hospitals are federal government subcontractors and are therefore obligated, pursuant to Executive Order 11246, the Rehabilitation Act and VEVRAA, to permit OFCCP to conduct on-site affirmative action compliance reviews and to inspect the hospitals' business records related to the same, and otherwise to comply with these laws.

12.     The hospitals answered OFCCP's administrative complaints by denying that they are federal subcontractors. Specifically, the hospitals denied having entered into any contract with the United States government or any agency thereof, denied having entered into any contract with any entity containing provisions which would subject them to Executive Order 11246, the Rehabilitation Act or VEVRAA, and denied having ever agreed to be bound by said laws.

13.     After the hospitals answered OFCCP's administrative complaints, the hospitals and OFCCP stipulated to the underlying facts and filed a Joint Statement of Facts. A copy of the parties' Stipulated Facts is attached hereto as Exhibit A.

14.     Based on the stipulated facts, both the hospitals and OFCCP moved for summary judgment on the issue of whether or not the hospitals are federal subcontractors under the Executive Order, the Rehabilitation Act and VEVRAA, such that the hospitals are subject to OFCCP compliance audits.

15.     The cross-motions were initially considered by a Department of Labor Administrative Law Judge ("ALJ").  The ALJ issued a Recommended Decision and Order dated January 16, 2008, a copy of which is attached hereto as Exhibit B.  The ALJ granted OFCCP's motion for summary judgment and denied the hospitals' motions for summary judgment.

16.     In accordance with the procedures set forth at 41 C.F.R. Chapter 60, the hospitals filed Exceptions to the ALJ's Recommended Decision and Order with the Administrative Review Board.  Copies of the hospitals' Exceptions, as filed with the Administrative Review Board, are attached hereto as Exhibit C.

17.     In its Exceptions, the hospitals argued, among other things, that the affirmative action requirements that OFCCP seeks to impose against the hospitals are not enforceable against a party which had never agreed to such requirements and which had never agreed to do business with the federal government.  In that regard, the hospitals disagreed with the ALJ's conclusion that OFCCP may force unwitting entities that never contracted with the federal government, never agreed to be bound by an equal opportunity clause, and had no reason to conclude that they were "government subcontractors" to, nevertheless, undertake affirmative action compliance.

18.     The hospitals also argued, and OFCCP agreed, that the government contract at issue in this case specifically *excludes* the hospitals from the definition of "subcontractor." The hospitals presented a number of additional arguments and authorities during the preceding administrative proceedings, all of which are incorporated herein by reference.

19.     OFCCP filed a response to the hospitals' Exceptions on March 4, 2008.

20.     On May 29, 2009, the Administrative Review Board issued a Final Decision and Order concluding that the hospitals are federal subcontractors covered by the provisions of Executive Order 11246, Section 503 of the Rehabilitation Act and VEVRAA, and "permanently enjoining" the hospitals, their officer, agents, and employees from failing or refusing to comply with the requirements of Executive Order No. 11246, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, Section 503 of the Rehabilitation Act of 1973 and their implementing regulations. A copy of the Administrative Review Board's Final Decision and Order is attached hereto as Exhibit D.

21.     After the filing of the Administrative Review Board's Final Decision and Order, OFCCP sent the hospitals a letter, dated June 15, 2009, requesting that the hospitals provide OFCCP with certain documents previously requested in 2004. A copy of the OFCCP's letter is attached as Exhibit E.

## UNDERLYING FACTS

22.     UPMC Health Plan (hereinafter the "Health Plan") is a non-stock, non-profit corporation that provides group health insurance to public and private employers and other members of the general public.

23.     The Health Plan contracted with the United States Office of Personnel Management (hereinafter "OPM") to provide group medical insurance coverage to U.S. government employees.

24.     The Health Plan's contract with OPM (including amendments) is the only government contract at issue in this case.  A copy of that contract is attached hereto as Exhibit F.

25.     The hospitals are not parties to a contract with an agency of the federal government.

26.     OFCCP and the hospitals stipulated that the hospitals did not contract with the federal government and are not prime contractors, as that term is used at 41 C.F.R. § 60-1.4(c), or in any of the three government contractor laws involved in this case.

27.     The basis of OFCCP's demand that the hospitals comply with the three laws applicable to government contractors and subcontractors is that, according to OFCCP and the Administrative Review Board, the hospitals are federal *sub*contractors by virtue of contracts between the hospitals and the Health Plan.

28.     Besides its contract with OPM, the Health Plan underwrites or provides group health insurance coverage to non-government employers and private individuals.

29.     The Health Plan provides health insurance but does not provide the actual medical services for which it offers group medical coverage.

30.     The Health Plan contracts with hospitals, including the plaintiffs and many other hospitals, and other health care providers to provide medical services to persons whose insurance coverage for such services is furnished by the Health Plan.

31.     The Health Plan entered into product pricing and subscription rate agreements (hereinafter "payment agreements") with hospitals, including the plaintiffs, and with other health care providers.

32.     The Health Plan entered into payment agreements with the each of the three hospitals, whereby the Health Plan agreed to pay the hospitals for medical services provided to government employees as well as to other insured individuals, including non-government employees having nothing to do with OPM's contract with the Health Plan.

33.     These payment agreements, which are not specific to the Health Plan's contract with OPM, are the alleged subcontracts cited by OFCCP and the Administrative Review Board as giving OFCCP the authority, under Executive Order 11246, the Rehabilitation Act and VEVRAA, to conduct on-site affirmative action compliance reviews and to audit the hospitals' business records.

34.     The Administrative Review Board concluded that the hospitals contractually agreed, in their payment agreements with the Health Plan, to comply with the affirmative action obligations arising under the Executive Order, the Rehabilitation Act and VEVRAA.

35.     There is, however, no provision anywhere in the hospitals' payment agreements that obligates the hospitals to comply with the affirmative action obligations arising under the Executive Order, the Rehabilitation Act or VEVRAA.

36.     OFCCP and the hospitals stipulated that the payment agreements between the hospitals and the Health Plan do not include a written provision obligating the hospitals to comply with Executive Order 11246, the Rehabilitation Act or VEVRAA.

37.     In order to subject the hospitals to OFCCP oversight, the Administrative Review Board concluded that such a provision (*i.e.*, a provision obligating the hospitals to comply with Executive Order 11246, Section 503 of the Rehabilitation Act and VEVRAA) could, pursuant to the implementing regulations found at 41 C.F.R. Chapter 60, be deemed incorporated into the payment agreements, even in the absence of the hospitals' assent to, or knowledge of, such a provision.

38.     The Department of Labor, through the ALJ and the Administrative Review Board, concluded that the hospitals need not agree to, or even know about, such a provision in order to be contractually bound by it.

39.     The hospitals did not agree to a provision obligating them to comply with Executive Order 11246, Section 503 of the Rehabilitation Act or VEVRAA.

40.     The hospitals never entered into any agreement with the federal government.

41.     The hospitals never agreed to comply with the affirmative action requirements imposed on parties who agree to do business with the federal government.

42.     The hospitals' payment agreements with the Health Plan do not contain any written provision identifying the hospitals as federal subcontractors.

43.     The hospitals did not provide goods or services to the federal government; but instead provided medical services to insured individuals.

44.     OFCCP issued a policy Directive in 2003 announcing its inability to assert jurisdiction over health care providers based on the health care provider's relationship with participants in the Federal Employees Health Benefits Program ("FEHBP").

45.     The Health Plan is a participant in the FEHBP.

46.     The contract between the Health Plan and OPM provides for FEHBP coverage.

47.     The 2003 OFCCP Directive states that OFCCP cannot use FEHBP coverage as a basis to assert jurisdiction over a health care provider.

48.     A copy of the OFCCP Directive issued in 2003 is attached as Exhibit G.

*The Government Contract At Issue Defines the Term Subcontractor to Exclude the Plaintiffs*

49.     The Health Plan's contract with OPM excludes the hospitals from the definition of Subcontractor.

50.     Section 1.1 of the contract between OPM and the Heath Plan defines the term "Subcontractor" as follows:

> "Any supplier, distributor, vendor or firm that furnishes supplies or services to or for a prime contractor, or another subcontractor, except for providers of direct medical services or supplies pursuant to the Carrier's health benefits plan."

51.     The hospitals are providers of direct medical services.

52.     Therefore, the government contract at issue in this case specifically defines the term Subcontractor to exclude the hospitals.

53.     Despite the definition of Subcontractor contained in the Health Plan's contract with OPM, the Administrative Review Board concluded that the hospitals are subcontractors under the Health Plan's contract with OPM.

*The Alleged Federal Subcontracts Do Not Reference A Contract With The Government*

54.     OFCCP and the hospitals stipulated that the payment agreements between the hospitals and the Health Plan are not limited or specific to the provision of medical services to U.S. government employees covered under the Health Plan's contract with OPM.

55.     Rather, and as stipulated to by the parties, the payment agreements between the hospitals and the Health Plan apply to all individuals whose medical insurance is provided by the Health Plan, including non-government employees and individuals who work for private employers.

56.     The payment agreements between the hospitals and the Health Plan do not reference the contract between the Health Plan and OPM.

57.     The Health Plan provides medical insurance to facilitate the provision of medical services to all individuals insured by the Health Plan.

58.     The Health Plan provides insurance cards to individuals insured by the Health Plan – government and non-government individuals alike.

59.     OFCCP and the hospitals stipulated that the payment agreements between the hospitals and the Health Plan pertain to any medical service provided by the hospitals to an individual insured by the Health Plan.

60.     To compensate the hospitals for providing medical services to persons whose coverage for such services was furnished by the Health Plan, the Health Plan pays the hospitals in accordance with the agreed-upon subscription rates and product prices contained in the payment agreements.

61.     The payment agreements between the hospitals and the Health Plan predate the effective date of the Health Plan's contract with OPM.

62.     The hospitals and OFCCP stipulated that the initial agreements between the hospitals and the Health Plan (including predecessors to the Health Plan) were entered into prior to January 1, 2000.

63.     The hospitals and OFCCP further stipulated that the contract between the Health Plan and OPM has an effective date of January 1, 2000.

## COUNT I

64.     The hospitals incorporate herein by reference paragraphs 1-63 of the Complaint as if fully set forth herein.

65.     The Administrative Review Board erroneously ruled that the hospitals are federal subcontractors contractually obligated to comply with the requirements of Executive Order 11246, Section 503 of the Rehabilitation Act and VEVRAA.  The Administrative Review Board's ruling in that regard is not in accordance with the law, is contrary to constitutional right or power, and/or is not supported by substantial evidence.

WHEREFORE, the hospitals pray that the Court enter judgment in their favor and against defendants as follows:

(1) Declaring unlawful and setting aside the Final Decision and Order of the Administrative Review Board;

(2) Permanently enjoining the United States Department of Labor, her agents and employees, from enforcing the Final Decision and Order of the Administrative Review Board;

(3) Granting the hospitals such other relief as may be just and proper.

## COUNT II

66.     The hospitals incorporate herein by reference paragraphs 1-65 of the Complaint as if fully set forth herein.

67.     The Administrative Review Board relied on the Code of Federal Regulations to "incorporate" an equal opportunity clause into the hospitals payment agreements with the Health Plan.  The Administrative Review Board cited 41 C.F.R. §§ 60-1.4(e); 60-250.5(e); and 60-

741.4(e) as supporting the ALJ's conclusion that the hospitals are bound by the equal

opportunity clause even though the clause was not included the hospitals' agreements with the

Health Plan.

68.     The ALJ concluded, and the Administrative Review Board ordered, that the

hospitals were bound by the equal opportunity clause even though the hospitals did not agree to

be bound or have notice of the clauses' terms.  Such a finding is not in accordance with the law,

is contrary to constitutional right or power, and/or is not supported by substantial evidence.

69.     The Administrative Review Board declined to rule on the validity of the federal

regulations as applied to the hospitals, including the validity of the applicable definition of the

term subcontractor and the validity of the "incorporation regulations" found at 41 C.F.R. §§ 60-

1.4(e); 60-250.5(e); and 60-741.4(e).  According to the Administrative Review Board, it lacked

the jurisdiction to "pass on the validity of any portion of the Code of Federal Regulations that

has been duly promulgated by the Department of Labor."  Citing a lack of jurisdiction, the

Administrative Review Board declined to issue an opinion on the validity of the implementing

regulations and/or of any alleged conflict between the regulations and the Executive Order.

70.     The implementing regulations, as applied to the hospitals in this case, are

inconsistent with Executive Order 11246.

71.     The implementing regulations, as applied to the hospitals in this case, exceed the

grant of legislative authority delegated to the agency for purposes of promulgating such

regulations.

72.     The implementing regulations, as applied to the hospitals in this case, are

inconsistent with the fundamental notion that a party is bound by the affirmative action

obligations of Executive Order 11246, Section 503 of the Rehabilitation Act and VEVRAA by

12

virtue of electing to do business with the federal government and/or by agreeing to be bound by such obligations.

WHEREFORE, the hospitals pray that the Court enter judgment in their favor and against defendants as follows:

(1) Declaring that the federal regulations relied on by the ALJ and the Administrative Review Board in finding that the hospitals are federal subcontractors under Executive Order 11246, the Rehabilitation Act and VEVRAA, do not, as applied to the hospitals in this case, have the force and effect of law;

(2) Declaring that the federal regulations relied on by the ALJ and the Administrative Review Board are, as applied to the hospitals, inconsistent with Executive Order 11246, as the hospitals did not contract with the federal government and did not agree to be bound by the obligations imposed by Executive Order 11246;

(3) Declaring unlawful and setting aside the Final Decision and Order of the Administrative Review Board;

(4) Permanently enjoining the United States Department of Labor, her agents and employees, from enforcing the Final Decision and Order of the Administrative Review Board;

(5) Granting the hospitals such other relief as may be just and proper.

Respectfully Submitted,

Constantinos G. Panagopoulos
ECKERT SEAMANS CHERIN & MELLOT, LLC
1747 Pennsylvania Avenue N.W.
Suite 1200
Washington, D.C. 20006
Tel: (202) 659-6627
Fax: (202) 659-6699
Email: cgp@eckertseamans.com

*Counsel for Plaintiffs*

John J. Myers
Ryan J. Siciliano
ECKERT SEAMANS CHERIN & MELLOT, LLC
US Steel Tower
600 Grant Street, 44th Floor
Pittsburg, Philadelphia  15219-2788
Tel: (412) 566-6000
Fax: (412) 566-6099
Email: rsiciliano@eckertseamans.com
       jmyers@eckertseamans.com

June 30, 2009                    *Of Counsel*